UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MITCHELL STEVENS (#78189)**                                    CIVIL ACTION

**VERSUS**

**BURL CAIN, ET AL**                                             NO.: 13-0011-BAJ-SCR

### R U L I N G

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Asst. Warden Kenny Norris, corrections officers Turner, Rosco and A. Dorsey, an unidentified nurse and unidentified medical personnel responsible for administering injections since 2002.  Plaintiff alleged that he was subjected to tuberculosis testing in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the

plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under 28 U.S.C. § 1915(d), this court may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).

A prisoner must exhaust his administrative remedies by complying with

applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff alleged in his complaint that he filed Administrative Remedy Procedure ("ARP") LSP-2012-2992 regarding the claims raised in the complaint, but that prison officials had not yet responded to the administrative grievance at the Second Step of the two-step process.[1]

In order to verify the assertions made by the plaintiff in the complaint, the Louisiana Department of Public Safety and Corrections was ordered to file a certified copy of ARP LSP-2012-2992. A review of ARP LSP-2012-2992 showed that it was

---

[1] Doc. 1, p. 3, II. C. 1.

received by prison officials on September 25, 2012, and was assigned as ARP LSP-2012-2992.  On October 25, 2012, the First Step Response was issued and on January 10, 2013, the Second Step Response was issued.

In his amended complaint, the plaintiff alleged that he received a copy of the Second Step response to ARP LSP-2012-2992 on January 23, 2013.[2]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.  La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.  *Id*.  The warden shall respond to the inmate within 40 days from the date the request is received at the first step.  *Id*.  An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.  *Id*. at § 325(G)(2)(a).  A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt.  *Id*.

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion.  See *Wright v. Hollingsworth*, 260 F.3d 357,

---

[2]Doc. 14.

358 (5th Cir. 2001).

The ARP record showed that the plaintiff appealed to the Secretary on November 11, 2012 and it was received in the Secretary's office on November 26, 2012.[3] In accordance with the ARP, the Secretary had until January 10, 2013, to render the final decision at the Second Step.

Plaintiff acknowledges on the face of the complaint that he did not exhaust the ARP before filing suit.  At the time the plaintiff filed his complaint on January 4, 2013, the Second Step Response to ARP LSP-2012-2992 had not been issued.

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint shall be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[4]

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 19th day of March 2013.

*[signature]*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] Doc. 7-1, p. 1.

[4] *Underwood v. Wilson*, 151 F.3d at 296.