UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MITCHELL STEVENS (#78189) | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, ET AL. | NO.: 13-00011-BAJ-SCR |

## RULING AND ORDER

Before the Court is Plaintiff Mitchell Stevens's **Motion for Relief from Judgement and Order (Doc. 28)**, seeking an order from this Court relieving him from the final judgment entered on March 20, 2013, which dismissed his case for failure to exhaust administrative remedies. (Doc. 16.) Plaintiff seeks relief from that judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, based on the alleged fraudulent conduct of the Defendants, who Plaintiff asserts falsified dates and signatures on the documents they submitted to the Court in connection with Plaintiff's complaint. The motion is unopposed. Oral argument is not necessary.

I.  Background

Plaintiff filed a complaint against several Defendants on January 4, 2013, alleging that he was subjected to tuberculosis testing in violation of his constitutional rights. (Doc. 1.) On March 20, 2013, the Court concluded that Plaintiff failed to exhaust administrative remedies prior to filing suit and dismissed the complaint without

prejudice, and dismissed the complaint with prejudice to re-filing in forma pauperis. (Doc. 15.) A judgment reflecting the disposition was entered the same day. (Doc. 16.)

On March 22, 2013, Plaintiff filed a notice of his intent to appeal to the United States Fifth Circuit Court of Appeals. (Doc. 17.) The Fifth Circuit subsequently denied Plaintiff's appeal as frivolous on October 16, 2013. (Doc. 26.) Plaintiff filed the instant motion on January 16, 2014, asserting that some of the documents he submitted had been "doctored" by the Defendants, and that such action entitles him to relief from judgment. (Doc. 28, at 2.)

## II. Standard of Review

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; or (5) a judgment that has been satisfied, discharged, reversed or otherwise vacated. Fed.R.Civ.P. 60(b)(1)-(5). The court can also set aside a judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002). Even as the "grand reservoir of equitable power to do justice," the rule is not easily invoked. *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir. 2011). Further, the burden of establishing at least one of the Rule 60(b) requirements is on the movant, and the determination of whether that burden has been met rests within the discretion of the court. *Card v. Keffer*, 2012 WL 6871559, at *1 (W.D. La. 12/20/12).

III. Discussion

Considering the instant motion, the applicable law, and the record in this matter, Plaintiff's motion is DENIED, for the reasons previously cited in the Court's March 20, 2013 ruling (Doc. 15), and for the reasons stated herein. Plaintiff has not cited any new facts or law that would require a reconsideration of the Court's previous ruling, nor has Plaintiff pointed to any concrete allegations of misconduct by the Defendants that would raise the brow of suspicion before the Court.

As the Court's previous ruling reflects, Plaintiff filed his complaint on January 4, 2013, approximately six (6) days prior to the issuance of the Second Step Response to ARP LSP-2012-2992. In accordance with the policies and procedures of the ARP process, the Secretary had until January 10, 2013, to render a final decision at the Second Step phase. *See* Docs. 7, 15. As such, Plaintiff's failure to adhere to the time periods and filing requirements caused the dismissal of his complaint. To the extent that Plaintiff claims the Secretary, or any other Defendant, "doctored" or falsified the documents submitted to the Court with signatures and dates, such assertion is without merit. Plaintiff has provided nothing more than blanket assertions and unsubstantiated allegations of such misconduct, and Plaintiff's assertions that the Defendants committed unlawful acts of fraud or misconduct in other legal proceedings are irrelevant to the facts of this case.

Moreover, Plaintiff waited approximately ten (10) months to file the instant motion after the Court entered final judgment dismissing his case. Albeit, the Court notes that Plaintiff filed a notice of appeal to the Fifth Circuit two days after final judgment was entered. (Doc. 17.) However, the Court also notes that the Fifth Circuit, in its mandate,

stated that Plaintiff "fail[ed] to address the district court's dismissal of his complaint for failure to exhaust administrative remedies or providing any reason why the district court's certification is erroneous . . ."(Doc. 26, at 3.) For this reason, the Court also finds that Plaintiff's request for relief is untimely and outside of the reasonable scope of a motion for relief from judgment. A Rule 60 motion is not a substitute for a timely appeal and cannot be used to extend the time for an appeal. *See, e.g., Leverton v. Pope*, 100 Fed.Appx. 263 (5th Cir. 2004), cert. denied, 549 U.S. 1035 (2006); *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730 (5th Cir. 1984). Rule 60(b) is recognized as affording only "extraordinary relief," which carries with it "the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F. 2d 281, 286 (5th Cir. 1985). The Court concludes that Plaintiff has not provided a sufficient basis for granting his request for relief from judgment.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Mitchell Stevens's **Motion for Relief from Judgement and Order (Doc. 28)** is **DENIED**.

Baton Rouge, Louisiana, this 10th day of July, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA